Richard T. Hilovsky (SBN 071221)
Law Offices of Richard T. Hilovsky
960 Saratoga Avenue, Suite 112
San Jose, CA 95129
Tel: (408) 249-3600
Fax: (408) 984-6531
Email: hilski5633@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re:<br>    Lillie Green<br><br>    Debtor(s)<br><br>Lillie Green<br>    Plaintiff<br>vs<br>John R. Dunstan<br>    Defendant | Case No. 08-53393<br><br>Chapter 13<br><br>Adversary Number: |

**COMPLAINT RE VALIDITY OF LIEN, FRAUD, MISREPRESENTATION, ELDER ABUSE**

**INTRODUCTION**

    Plaintiff is Debtor and files this complaint against Defendant for fraud, misrepresentation, beach of fiduciary duty and elderly abuse and in support thereof respectfully represents to the Court as follows:

**JURISDICTION**

    This Court has jurisdiction over this adversary proceeding as a core proceeding pursuant

to 28 U.S.C. §1334, 28 U.S.C. §157, and 11 U.S.C. §523 since this is a proceeding to determine the value of a particular debt as set forth below.

**THE PARTIES**

Plaintiff, filed a Voluntary Petition for Relief under Chapter 13 of title 11 of the United States Code in this Court on June 26, 2008.

Defendant is a creditor and filed a secured claim (#5) against Plaintiff's real property located in at 1359 Henderson Avenue, Menlo Park, California 94025.

**ALLEGED FACTS**

1. Plaintiff is an elderly lady, born April 11, 1927, and not knowledgeable about real estate transactions an must rely friends and family to assist her.

2. Defendant was aware of such facts, however, on or about June 9, 2006, loaned Plaintiff a sum in the amount of $360,000.00, interest only at 12% (payments of $3600.00 month) with payments commencing on February 1, 2007. Defendant had an option to increase the interest rate to 17% in the event Plaintiff defaulted and the late fee charge was 10%. The entire loan was due and payable on January 1, 2009.

3. The terms of the loan were not disclosed to Plaintiff. Plaintiff never received any of the proceeds of the loan. Defendant was aware that Plaintiff never received any of the funds.

4. Plaintiff first learned of the terms of the loan after she received a Notice of Trustee sale on or about February 20, 2008.

5. In an effort to discover the terms and condition of the loan and to forestall the foreclosure by Defendant, Plaintiff was required to pay $5,200.00 ( an alleged monthly payment) on April 1, 2008 and additional payment of $2,500.00 on May 15, 2008.

6. Defendant filed a claim on May 26, 2009 for a secured claim (#5) of $440,786.00.

7. Defendant agreed to withdraw and cancel his secured claim if the District Attorney brought action against the other parties involved in the loan. The District Attorney had not brought any action and therefore on Plaintiff filed an objection to the claim on April 29, 2010, which was amended on May 17, 2010. Defendant did not answer the objection and On June 21, 2010 this court disallowed Defendant's claim in its entirety based on fraud and elderly abuse.

FIRST CAUSE OF ACTION

Violation of 11 U.S.C. 523 (a)(2)

Plaintiffs incorporate alleged facts 1 through 7 as fully set forth herein.

In doing the acts herein described, Defendant through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into an agreement pledging her real property as secured when Plaintiff received no valuable consideration, and in the absence of said false pretense, false representations, and/or actual fraud by Defendant, Plaintiff would not have entered into the agreements and incurred the losses attributable to Defendant. Defendant's conduct violates 11 U.S.C. §523(a)(2).

SECOND CAUSE OF ACTION

Violation of 11 U.S.C. 523 (a)(4)

Plaintiffs incorporate alleged facts 1 through 7 as fully set forth herein.

In doing the acts herein described, Defendant through actual fraud and defalcation, acted to induce Plaintiff to enter into invest for valuable consideration, and in the absence of said false pretense, false representations, and/or actual fraud by Defendant, Plaintiff would not have agreed to invest in the companies or purchase stock and Plaintiffs incurred the losses attributable to Defendant. Defendant's conduct violates 11 U.S.C. §523(a)(4).

THIRD CAUSE OF ACTION

Plaintiffs incorporate alleged facts 1 through 7 as fully set forth herein.

In doing the acts herein described, Defendant by deception acted to induce Plaintiff to enter into invest for valuable consideration, in an investment that Plaintiff could not possibly afford or repay due to income and age. Except for the deception of Defendant, Plaintiff would not have agreed to borrow funds which could not be repaid and funds she did not actual receive. This is violation of California Penal Code 368 PC.

REQUESTED RELIEF

WHEREFORE, Plaintiffs, respectfully request this Court, issue an

1. Order that Plaintiff's indebtedness to Defendant is void and the security agreement be declared unsecured and discharged upon Plaintiff's successful completion of her Chapter 13 and discharge.

2. A recordable order avoiding the lien of Defendant.

3. Grant Plaintiffs such other and further relief to which Plaintiffs may be justly entitled.

Dated: December 20, 2010

/s/ Richard T. Hilovsky
Richard T. Hilovsky, Attorney for Plaintiffs